CLERKS OFFICE U.S. DIST. COURT
AT LYNCHBURG, VA
FILED
4/6/2020
JULIA C. DUDLEY, CLERK
BY: s/ CARMEN AMOS
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal No. 6:94-cr-70068-2 |
| v. ) | |
| ) | By: Elizabeth K. Dillon |
| EDGAR NELSON PITTS ) | United States District Judge |

**MEMORANDUM OPINION**

Pending before the court are several motions filed by Edgar Nelson Pitts seeking reductions of his sentence pursuant to Amendment 782 to the U.S. Sentencing Guidelines Manual (USSG), made retroactive by USSG § 1B1.10(d), and § 404(b) of the First Step Act of 2018.[1] (Emerg. Mot., Dkt. No. 198.) Pitts first sought a reduction in sentence from 488 months to 451 months pursuant to Amendment 782 and 18 U.S.C. § 3582(c)(2), or the First Step Act. However, in his subsequent emergency motion, Pitts asks the court to reduce his sentence from 488 months to an aggregate sentence on all counts of time served. Although the government conceded that Pitts was eligible for a reduction based on Amendment 782, it argues that he is not eligible for relief under the First Step Act. For the reasons discussed below, the court will deny in part and grant in part Pitts' emergency motion for a sentence reduction under the First Step Act and will dismiss his remaining motions as moot.

---

[1] Pitts originally filed a motion to reduce his sentence under 18 U.S.C. § 3582(c)(2) based on the two-level reduction in the guideline ranges adopted by Amendment 782. (Dkt. No. 183.) Later, on February 1, 2019, he filed a motion to reduce his sentence under the First Step Act. (Dkt. No. 186.) That motion was amended on February 22, 2019, after Pitts obtained representation by the Office of the Federal Public Defender. (Dkt. No. 191.) Pitts' emergency motion, filed August 24, 2019, further amended his motion to reduce his sentence under § 404(b) of the First Step Act.

I. BACKGROUND

Pitts and a number of codefendants were charged in a multi-count indictment on July 28, 1994. (Dkt. No. 37.) A jury convicted Pitts of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1), possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 (Count 5), and two counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. §§ 924(c), 2 (Counts 3 and 6). (Dkt. No. 103.) Notably, the indictment did not include a specific weight of cocaine base attributable to Pitts; however, the evidence considered in the pre-sentencing report (PSR) indicated Pitts was responsible for 1.56 kilograms of cocaine base.[2] (PSR 8, Dkt. No. 187.)

This court sentenced Pitts on March 24, 1995, to a total term of imprisonment of 592 months, consisting of 292 months on Counts 1 and 5, to run concurrently, and 300 months on Counts 3 and 6, to run consecutively. A final criminal judgment was entered thereafter, and the judgment was affirmed on appeal. (Dkt. Nos. 103, 112.) The court later granted Pitts' motion to reduce his sentence pursuant to Amendment 706 of the USSG, reducing his sentence as to Counts 1 and 5 to 235 months on June 13, 2008. (Dkt. Nos. 148, 154.) The court further reduced his sentence as to Counts 1 and 5 to 188 months on October 18, 2011, pursuant to Amendment 750 to the USSG. (Dkt. No. 170.) These reductions were based on a change in Pitts' offense level from thirty-eight to thirty-four.

On September 14, 2018, Pitts filed a pro se letter motion seeking a reduction in his sentence under Amendment 782. (Dkt. No. 183.) The government did not oppose a reduction (Dkt. No. 185), but, before the court entered an order resolving Pitts' motion, Pitts filed a second

---

[2] Similarly, neither the indictment nor the judgment in Pitts' case cited a specific statutory penalty in § 841(b)(1) under which Pitts was convicted. The PSR, however, indicated that Pitts may have been sentenced in accordance with § 841(b)(1)(A). (PSR 11.)

pro se letter motion seeking relief under the First Step Act and requesting that counsel be appointed (Dkt. No. 186).

The Federal Public Defender entered an appearance on Pitts' behalf in this case on February 8, 2019. Accordingly, the court entered an order on February 14, 2019, dismissing Pitts' motion to appoint counsel as moot and ordering the Federal Public Defender to file an amended motion addressing Pitts' requests for reductions pursuant to Amendment 782 and the First Step Act. On February 22, 2019, by counsel, Pitts filed an amended motion to reduce his sentence under the First Step Act.[3] (Dkt. No. 191.)

On August 24, 2019, Pitts filed his emergency second amended motion to reduce his sentence under the First Step Act to time served. He suggests that developments in case law since he filed his amended motion support a greater reduction, and that he is eligible for immediate release. (Dkt. No. 198.) The government disagrees, arguing that Pitts is ineligible for relief under the First Step Act and requesting that to the extent the court determines Pitts is eligible the court nonetheless exercise its discretion in denying relief.

II. DISCUSSION

**A. First Step Act**

As noted, Pitts seeks relief under § 404 of the First Step Act of 2018. 115 Pub. L. 391, § 404, 132 Stat. 5194 (enacted Dec. 21, 2018); *see also* 18 U.S.C. § 3582(c)(1)(B) (authorizing courts to modify a previously imposed sentence "to the extent otherwise expressly permitted by

---

[3] In Pitts' amended motion filed February 22, 2019, he states that because his motion under the First Step Act seeks the same reduction as his original motion for reduction regarding Amendment 782, "the Court dismissed the prior motion as moot." (Dkt. No. 191 at 3.) However, although the court denied Pitts' request for appointment of counsel as moot, it did not resolve Pitts' request for a reduction in sentence. (Dkt. No. 190, at 1 (directing the Federal Public Defender to "file an Amended Motion to Reduce Sentence that addresses both Pitts' request for a reduction under Amendment 782, which remains pending, and his request for relief under the First Step Act").) Accordingly, Pitts' amended motion remains pending before the court.

3

statute"). Section 404 allows—but does not require—district courts to reduce the sentence of certain defendants sentenced prior to August 3, 2010, the effective date of the Fair Sentencing Act of 2010. To be eligible, the defendant must have committed a "covered offense," which the First Step Act defines as "a violation of a Federal criminal statute, the statutory penalties of which were modified by section 2 or 3 of the Fair Sentencing Act of 2010 that was committed before August 3, 2010."[4] First Step Act § 404(a). The Fourth Circuit has interpreted this definition to mean that "any inmate serving a sentence for pre-August 3, 2010 violations of 21 U.S.C. § 840(b)(1)(A)(iii) or (B)(iii)—both of which were modified by Section 2 of the Fair Sentencing Act—is serving a 'sentence for a covered offense' and may seek a sentence reduction under the First Step Act." *United States v. Wirsing*, 943 F.3d 175, 185 (4th Cir. 2019) (citation omitted). If the court concludes that an offender is eligible, then the court may "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the [defendant's] offense was committed." First Step Act § 404(b). "[I]n deciding whether to reduce [a defendant's] sentence and to what extent, the court may consider any relevant § 3553(a) factors . . . ." *United States v. Jones*, 409 F. Supp. 3d 549, 557 (W.D. Va. 2019).

**B. Pitts Is Eligible for Relief Under the First Step Act**

The parties first disagree about whether Pitts is eligible for a reduction under § 404.[5] It is undisputed that he committed the offenses for which he was convicted prior to August 3, 2010.

---

[4] There is an additional requirement focused on a defendant's prior efforts to receive relief, First Step Act § 404(c), but that is not at issue here.

[5] The government concedes that Pitts is eligible for a reduction as to Count 5, for which the PSR attributes 59.3 grams of cocaine base to Pitts, but it argues that he is ineligible as to Count 1. (*See* Dkt. No. 195, at 8 n.2.) Considering Pitts' sentences for Counts 1 and 5 are to run concurrently, the government reasons that a reduction of Pitts' sentence as to Count 5 would not reduce his aggregate sentence. Because the analysis is the same for both counts, the court considers them collectively herein.

However, the parties argue over what drug weight or statutory penalty should apply when considering Pitts' eligibility for relief.

At the time the parties submitted their briefs, this court applied the rule that eligibility depended on whether the penalty statute applicable to the defendant's offense conduct would have been different under the amendments to § 841 enacted in the Fair Sentencing Act. Since then, however, the Fourth Circuit decided *Wirsing*, in which it clarified that the threshold eligibility question is not whether a different statutory penalty would now apply to Pitts' offense, but whether Pitts violated a statute that was later modified by the Fair Sentencing Act. In other words, any defendant who violated either §§ 841(b)(1)(A) or (B)—the two statutory penalties modified by the Fair Sentencing Act—is eligible for relief under the First Step Act.

The answer to whether he violated either section is at first unclear. Significantly, "any fact that increases the statutory mandatory minimum is an element of the crime that must be found by the jury beyond a reasonable doubt." *See Jones*, 409 F. Supp. 3d at 554 (citing *Alleyne v. United States*, 570 U.S. 99, 116 (2013)); *see also United States v. Smith*, 379 F. Supp. 3d 543, 546–47 (W.D. Va. 2019) (citing cases supporting the rule that "eligibility under the First Step Act is determined by looking at the statute of conviction and not the defendant's conduct"). But Pitts' indictment does not charge him with a violation of either §§ 841(b)(1)(A) or (B), instead charging him only under § 841(a)(1). Likewise, with regard to Counts 1 and 5, he was convicted only under § 841(a)(1). And, there is no indication of any drug weight in Pitts' indictment or judgment from which the court can determine what statutory penalty the sentencing judge applied to calculate Pitts' sentence.[6]

---

[6] Although the PSR contained both a drug weight and a citation to § 841(b)(1)(A), the court may not rely on facts from the PSR in determining what *statutory* penalty applied to Pitts' sentence. *See Jones*, 409 F. Supp. 3d at 554; *United States v. Smith*, 379 F. Supp. 3d 543, 546–47 (W.D. Va. 2019).

Nonetheless Pitts' original sentence indicates that he violated and was convicted under either §§ 841(b)(1)(A) or (B). The sentence, which was affirmed by the Fourth Circuit (Dkt. No. 112), exceeded twenty-four years as to Counts 1 and 5. (Dkt. No. 103.) Had Pitts been convicted under § 841(b)(1)(C), this sentence would have exceeded the statutory maximum for his offense. Because Pitts would be eligible for First Step Act relief under either §§ 841(b)(1)(A) or (B), the court need not determine which of the two statutes was actually applied to Pitts' case. Based on the length of Pitts' original sentence, the court clearly applied one of the statutory penalties modified by the Fair Sentencing Act. Accordingly, the court finds that Pitts is eligible for relief.

## C. Pitts is Entitled to a Reduction to 151 Months on Counts 1 and 5

Having found that Pitts is eligible for relief, the court may now "impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time [his] offense was committed." First Step Act § 404(b). In his emergency motion, Pitts argues that the court should reduce his sentence to a total aggregate of time served. He advances two theories in support of his position: first, that the First Step Act allows the court to resentence Pitts without "stacked"[7] § 924(c) charges as in *Wright v. United States*, Nos. 4:95-cr-39, 4:95-cr-44, 2019 WL 3046096 (E.D. Va. July 11, 2019); and, second, that because a defendant charged with the same crimes today would not face "stacked" § 924(c) charges, the court should account for this sentencing discrepancy by reducing Pitts' sentence on Counts 1 and 5 to one day each.[8]

---

[7] At the time of Pitts' sentencing, § 924(c)(1)(C) mandated much longer minimum sentences for a "second or subsequent conviction" under § 924(c). Courts used the term "stacking" to describe a situation "where defendants were convicted of multiple counts under § 924(c) and received both the original five-year mandatory minimum for the first count and then an additional twenty-five-year mandatory minimum for the second count." *Wright v. United States*, Nos. 4:95-cr-39, 4:95-cr-44, 2019 WL 3046096, at *7 (E.D. Va. July 11, 2019).

[8] Pitts asserts that the court should view his conviction as one under § 841(b)(1)(C). He reasons that because the jury in his case did not make any factual findings regarding the drug weight for which Pitts was responsible, he cannot now be subject to either of the higher mandatory minimums. Regardless, his current sentence

### 1. Pitts' "stacked" § 924(c) convictions

*Wright* involved a defendant who had been convicted on numerous counts including two counts of possessing and using a firearm in connection with drug trafficking under § 924(c)(1) and various counts under §§ 841(a) and (b). Based on the rule that convictions under § 924(c) "stacked," the court sentenced the defendant as though he had both a first and second offense under the statute, rather than considering both charges as first offenses. *Id.* at *3. The First Step Act, however, amended § 924(c)(1)(C) to eliminate the "stacking" effect. *See* 18 U.S.C. § 924(c)(1)(C) ("In the case of a violation of this subsection *that occurs after a prior conviction under this subsection has become final*, the person shall . . . be sentenced to a term of imprisonment of not less than 25 years . . . ." (emphasis added)). Now, "an individual may only receive the higher 25-year mandatory minimum only after a previous conviction under the same statute has become final." *Wright*, 2019 WL 3046096, at *7. In other words, were the *Wright* defendant to be sentenced today, with no prior convictions under § 924(c)(1)(C), he would be subject to a mandatory minimum of only five years on each count. The *Wright* court therefore found the defendant eligible for a reduction in sentence as to both his drug counts and his gun counts.

However, § 403(b) of the First Step Act limits the application of the § 924(c)(1)(C) amendment "to any offense that was committed before the date of enactment of this Act, *if a sentence for the offense has not been imposed as of such date of enactment*." First Step Act § 403(b) (emphasis added). Thus, as a necessary predicate to the reduction in *Wright*, the court first held that "the FIRST STEP Act allows federal courts to in fact *impose new reduced*

---

on Counts 1 and 5 does not exceed the statutory maximum set forth in § 841(b)(1)(C) and, for the reasons set forth below, the court will decline to grant a reduction to one day on each count.

*sentences*, not simply modify or reduce the current 'term of imprisonment' already decided." *Wright*, 2019 WL 3046096, at *4 (emphasis added).

But this court has previously held that changes to a sentence made pursuant to the First Step Act do not amount to "resentencing," and are instead reductions allowed under 18 U.S.C. § 3582(c)(1)(B). *Jones*, 409 F. Supp. at 556 ("The court thus concludes, as have the clear majority of courts to have addressed the issue, that a plenary resentencing is not required."). The Fourth Circuit's decision in *United States v. Melvin*, 777 F. App'x 652 (4th Cir. 2019), further supports this interpretation of § 403. *See id.* at 653 ("Although the First Step Act altered the circumstances under which 18 U.S.C. § 924(c) offenses are subject to enhanced mandatory minimum sentences, Congress expressly limited the retroactivity of that provision to offenses for which [a] sentence was not yet imposed as of the First Step Act's date of enactment. As Melvin was sentenced years before the First Step Act's enactment date, that provision does not apply to him." (citations omitted)).

The First Step Act does not allow the court to vacate a defendant's sentence and then resentence him under the modern statutory penalties. Instead, it merely provides an opportunity for the court to reconsider and reduce a defendant's sentence under § 3582(c)(1)(B) to the extent the court, in its discretion, finds appropriate. Thus, because the court sentenced Pitts before the enactment of the First Step Act, § 403(b) does not allow the court to reduce his sentence under § 924(c)(1)(C).

## 2. Reduction of Pitts' sentence to one day is not warranted

In Pitts' second argument, he reasons that because the jury did not determine what drug weight the court should use in calculating his sentence, the court should apply the statutory minimum and maximum sentences set forth in § 841(b)(1)(C). Because § 841(b)(1)(C) does not

impose a mandatory minimum, Pitts then cites to *Dean v. United States*, 137 S. Ct. 1170 (2017), for the proposition that the court may impose a sentence of one day on each drug count in consideration of the large mandatory minimum sentence imposed for the defendant's "stacked" firearm counts under § 924(c)(1)(C).

In *Dean*, the defendant was convicted of conspiracy to commit robbery, robbery, and possessing a firearm as a convicted felon. The district court found that the defendant had no "significant history of any violence," and was "clearly the follower" with regard to the robbery offenses. After considering that the defendant faced a minimum sentence of thirty years as to his firearm offenses, the court noted "that 30 years plus one day was 'more than sufficient for a sentence in this case.'" *Id.* at 1175. But the court believed that it could not consider the defendant's sentence under § 924(c) when calculating the sentence for his non-§ 924(c) convictions. Although the court felt a one-day sentence was more appropriate for the defendant's drug convictions, it nonetheless sentenced him to forty months on each non-§ 924(c) count. The court felt such a lengthy sentence was unwarranted, but believed its hands were tied by the language of § 924(c). On appeal, the Supreme Court held that while the sentencing court could not have varied downward from the statutory minimum of § 924(c), it could have used its discretion to impose a reduced sentence for the remaining counts. *Id.* at 1178. Pitts therefore argues that if the court views his sentence on Counts 1 and 5 as falling under § 841(b)(1)(C), it may reduce his sentence to one day on each count.

In his supplemental briefs, Pitts cites numerous cases that have granted similar motions based on the amendment to § 924(c) eliminating the "stacking" requirement. *See, e.g.*, *United States v. Redd*, No. 1:97-cr-00006-AJT, 2020 WL 1248493 (E.D. Va. Mar. 16, 2020); *United States v. Brown*, No. ELH-00-0100, 2020 WL 1248950 (D. Md. Mar. 16, 2020); *United States v.*

*Young*, No. 2:00-cr-00002-1, 2020 WL 1047815 (M.D. Tenn. Mar. 4, 2020); *United States v. Maumau*, No. 2:08-cr-00758-TC-11, 2020 WL 806121 (D. Utah Feb. 18, 2020); *United States v. Urkevich*, No. 8:03CR37, 2019 WL 6037391 (D. Neb. Nov. 14, 2019). Nonetheless, the court will decline to reduce Pitts' sentences on Counts 1 and 5 on these grounds.

Pitts is correct that where the statutory penalty for a drug charge does not impose a mandatory minimum the court has broad discretion in sentencing. *Dean*, 137 S. Ct. at 1175 ("Sentencing courts have long enjoyed discretion in the sort of information they may consider when setting an appropriate sentence." (citing *Pepper v. United States*, 562 U.S. 476, 487–89 (2011)). But, unlike in *Dean*, where the sentencing judge believed that his hands were tied and the sentence he imposed was unjust, the sentencing judge in this case made no similar observations. If the sentencing judge believed that Pitts' sentence was unfair, he could have imposed a sentence on Counts 1 and 5 that was more in line with § 841(b)(1)(A)'s statutory minimum of only ten years (or lower, if the court sentenced Pitts pursuant to one of § 841's other penalty ranges).

Likewise, the other cases Pitts cites are distinguishable.[9] Those cases, which were decided after the First Step Act, address the inherent problem of sentencing disparities given Congress's decision not to give the § 924(c) amendment retroactive effect. However, they also give weight to the additional factors set forth in § 3553(a). *See Redd*, 2020 WL 1248493, at *8–10 (noting the defendant's minor and non-violent criminal history, his advanced age, his lack of disciplinary infractions and "demonstrated commitment to self-improvement," participation in

---

[9] Notably, most of the cases on which Pitts relies involve motions under the "compassionate release" provision of § 3582(c)(1)(A), which allows the court to reduce a term of imprisonment if it finds that "extraordinary and compelling reasons warrant such a reduction." Pitts instead filed his motion under § 3582(c)(1)(B), which allows the court to modify a sentence only to the extent permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure (in this case, the First Step Act), and § 3582(c)(2), which allows the court to reduce a sentence based on amendments to the USSG. Even if Pitts sought a reduction pursuant to § 3582(c)(1)(A), however, the court would not grant the full reduction he seeks for the reasons that follow.

vocational programs, and his strong family ties and offer of employment to support him upon release); *Brown*, 2020 WL 1248950, at *10 (considering that the defendant successfully completed bureau of prisons programming, was a model inmate who was moved to a medium-security facility, and had remained involved with his daughters throughout his nearly twenty years in custody, which the court noted showed his maturity); *Young*, 2020 WL 1047815, at *2 (recalling that at sentencing the court felt it "had no choice," and that the defendant's original sentence was a "tragedy," before further acknowledging that the defendant's advanced age, chronic ailments, unusual criminal history, and praise-worthy prison record warranted a sentence reduction); *Urkevich*, 2019 WL 6037391, at *2 (noting that the government did not dispute that the defendant was rehabilitated and did not pose a danger to the safety of the community); *see also United States v. Owens*, No. 97-CR-2546-CAB (S.D. Cal. Mar. 20, 2020) (granting a motion for reduction where the defendant "took advantage of vocational and rehabilitative programs, exhibited a solid work ethic, was trusted with increasing levels of responsibility, . . . became a leader in his religious community," and had "strong ties with family and friends who [were] willing to assist him with his reentry into society").

In *Maumau*, the case arguably most supportive of Pitts' position, the court reduced the defendant's sentence because his "age, the length of the sentence imposed, and the fact that he would not receive the same sentence if the crime occurred today all represent extraordinary and compelling grounds to reduce his sentence." 2020 WL 806121, at *5. But even there, the court had "repeatedly expressed its concern regarding the length" of the defendant's sentence, including at the time of sentencing. *Id.* Again, there is no indication that the sentencing judge in this case viewed Pitts' sentence with the same concern.

If Congress intended to make the § 924(c) amendment retroactive, it could have done so. However, as stated above, when Congress passed the First Step Act, § 403(b) expressly limited the § 924(c) amendment to offenses for which a sentence had not yet been imposed. Without more, reducing Pitts' drug sentences to one day would be an end-around solution that ignores the statutory limitations Congress imposed on the § 924(c) amendment. To be clear, the limitation of § 403(b) does not necessarily preclude the court from reducing Pitts' drug sentences. But § 403(b) indicates that Congress did not intend the sentencing disparity between defendants sentenced before and after the § 924(c) amendment to constitute a sufficient basis on its own to grant the reduction Pitts seeks. Instead, that factor is only one of many that the court should consider, as set forth in § 3553(a).

This position is supported by *United States v. O'Bryan*, No. 96-10076-03-JTM, 2020 WL 869475, at *1–2 (D. Kan. Feb. 21, 2020), which Pitts cites in his amended supplemental brief. In *O'Bryan*, the court acknowledged that Congress's limiting language in § 403 does not mean that the sentencing disparities caused by the § 924(c) amendment cannot be a reason to reduce a defendant's sentence. It noted "this simply establishes that a defendant sentenced before the FSA is not *automatically* entitled to resentencing; it does not mean that the court may not or should not consider the effect of a radically changed sentence for purposes of applying § 3582(c)(1)(A)." *Id.* at *1. However, in reaching its decision to grant a reduction, the court stated that the government "offers no rejoinder to the prison record evidence submitted by O'Bryan *indicating rehabilitation progress and favorable behavior*." *Id.* at *2 (emphasis added). Thus, while the limiting language of the First Step Act does not necessarily bar the court from granting a reduction, the § 924(c) amendment is but one of many factors the court must consider.

Unlike most of the cited cases, Pitts has not identified any other mitigating circumstances warranting a reduction in his sentence. He spends the majority of his emergency motion citing and discussing studies in support of his contention that "youth are understood to have reduced culpability but also greater capacity for reform." (Emerg. Mot. 4.) However, in his eight-and-one-half-page discussion of adolescent immaturity, he relates this argument to his own case only briefly—by pointing out that he "was only 19 at the time he participated in these offenses" and that his "age played a significant role in his offense, but also in his decision to go to trial." (*Id.* at 4–5.) The court acknowledges that Pitts may have been immature at age nineteen, but Pitts has not suggested that he has matured, reformed, or accepted responsibility for his behavior in the years since. While he mentions "good time credit," he does so in passing and with no details helpful to the court's determination here. Pitts has now filed five supporting briefs, three of those filed by counsel, in which he has failed to include any information suggesting that he is rehabilitated. As far as the court is aware, he has not taken advantage of educational or vocational programs, developed or maintained a support system to help him succeed upon release, or otherwise matured or accepted responsibility for his actions.[10]

Without any information indicating that Pitts is rehabilitated, the court is left only with the PSR that guided the sentencing judge in this case. The PSR adopted by the sentencing court indicates that Pitts was responsible for 1.56 kilograms of cocaine base. At the time of his original sentencing, this drug weight resulted in a base offense level of 38. The PSR further indicated that Pitts assaulted a law enforcement officer, recruited additional conspirators, and was "clearly a leader and organizer" within the group. (PSR 8.) In addition to the base offense

---

[10] To be sure, Pitts has highlighted a growing sentencing disparity that needs to be addressed and weighs in favor of a reduction. But the court is not willing to grant a reduction based solely on a change to § 924(c) when Congress expressly limited the application of that change to post-amendment offenders.

level, the PSR suggested a three-level victim-related enhancement and a four-level enhancement for Pitts' role in the offense, although the sentencing court did not allow those enhancements.

After considering the factors set forth in § 3553(a), the court will decline to reduce Pitts' sentence to one day for Counts 1 and 5.

### 3. Pitts is entitled to a reduction to 151 months on Counts 1 and 5

Nonetheless, the court will grant a reduction in accordance with the Addendum to the PSR and Amendment 782. As discussed above, the court has reduced Pitts' sentence on two occasions such that his current sentence is 188 months on Counts 1 and 5. As the government conceded in response to Pitts' motion for a sentence reduction, Amendment 782 reduced the base offense level applicable to Pitts by two points, changing the guideline ranges for Pitts' offenses under Counts 1 and 5 to between 151 and 188 months. The court believes a reduction on Counts 1 and 5 to the low end of the amended guideline range is warranted. Thus, the court will reduce Pitts' sentence on Counts 1 and 5 to 151 months in the custody of the Bureau of Prisons. All other terms in the judgment will remain the same.

## III. CONCLUSION

For the reasons set forth above, the court will grant in part and deny in part Pitts' emergency motion to reduce his sentence under the First Step Act (Dkt No. 198) and will deny as moot his pro se motions to reduce his sentence pursuant to Amendment 782 (Dkt. No. 183) and the First Step Act (Dkt. No. 186) and his amended motion to reduce his sentence pursuant to the First Step Act (Dkt. No. 191). An appropriate order will be entered.

Entered: April 6, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge