IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | Criminal Action No. 6:94CR70068 |
| v.  ) | |
| ) | By: Elizabeth K. Dillon |
| EDGAR NELSON PITTS, ) | United States District Judge |
| Defendant.  ) | |

**MEMORANDUM OPINION**

Edgar Nelson Pitts, a federal inmate proceeding *pro se*, has moved to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255. In his motion, he raises a claim pursuant to *United States v. Davis*, 139 S. Ct. 2319 (2019), and he also challenges his two convictions under 18 U.S.C. § 924(c) on double jeopardy grounds. As discussed herein, it is clear that *Davis* does not entitle Pitts to relief, and his double jeopardy claim is not only time-barred, but it also lacks merit. For these reasons, the court will deny Pitts' § 2255 motion and will deny him a certificate of appealability.

I.  BACKGROUND

Pitts was charged with a number of co-defendants in a multi-count indictment returned on July 28, 1994. A jury convicted Pitts of conspiracy to distribute crack cocaine in violation of 21 U.S.C. § 846 (Count 1); possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a) and 18 U.S.C. § 2 (Count 5), and two counts of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C §§ 2, 924(c) (Counts 3 and 6). (Dkt. No. 103.)

The court sentenced Pitts to a total term of imprisonment of 592 months, consisting of 292 months on Counts 1 and 5, to run concurrently, and 60 months on Count 3 and 240 months on Count 6, to run consecutively to each other and to all other counts. Since that time, Pitts' sentence has been reduced three times: pursuant to Amendments 706 and 750 of the United States Sentencing Guidelines (Dkt. Nos. 154, 170), and most recently pursuant to the First Step Act of 2019 (Dkt. No.

204). His sentences on Counts 3 and 6 have remained unchanged, but his current sentence as to Counts 1 and 5 is now 151 months, to run concurrently. Thus, his total sentence, pursuant to the court's First Step Act order entered April 6, 2020, is currently 451 months.[1]

Pitts filed the instant § 2255 motion to vacate—his first—on June 17, 2020,[2] which was less than one year after *Davis* was decided on June 24, 2019.[3] It asserts two claims.

First, relying on *Davis*, Pitts argues that he is actually innocent of his two § 924(c) convictions. In particular, he points to the jury instructions from his trial, which included the definition of a crime of violence, a portion of which was held unconstitutional in *Davis*. From this, he contends that his convictions are void because the "crime of violence" element was "clearly inserted." (Mot. 2, Dkt. No. 209.)

Second, Pitts argues that his sentences on Counts 3 and 6 violate the Fifth Amendment's Double Jeopardy clause, because those convictions were based on acts that were part of the same conspiracy and conspiracy is a single offense. He thus asks that his convictions and sentences on Counts 3 and 6 be vacated, which would result in his immediate release.

---

[1] Pitts has appealed the court's April 6, 2020, and his appeal remains pending. *United States v. Pitts*, No. 20-6551 (4th Cir.).

[2] Pitts' motion states that it was signed and submitted to the prison mail system on that date and is therefore deemed filed on that date. *Houston v. Lack*, 487 U.S. 266, 276 (1988).

[3] Pitts relies on § 2255(f)(3) to render his motion timely, which allows a § 2255 motion to be brought within one year of "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." In light of its conclusion that Pitts is not entitled to relief regardless, the court need not address the applicability of § 2255(f)(3) here to *Davis* and whether *Davis* is retroactively applicable on collateral review, as Pitts argues. *See United States v. Douglas*, 406 F. Supp. 3d 541, 545–46 (E.D. Va. 2019) (noting the government appeared to concede that *Davis* announced a new rule of constitutional law retroactively on collateral review, which would allow a § 2255 movant to rely on § 2255(f)(3)). Instead, the court assumes, for purposes of this opinion, that Pitts' claim based on *Davis* is timely.

II.  DISCUSSION

**A.  28 U.S.C. § 2255**

To state a viable claim for relief under § 2255, a defendant must prove: (1) that his sentence was "imposed in violation of the Constitution or laws of the United States;" (2) that "the court was without jurisdiction to impose such sentence;" or (3) that "the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack."  28 U.S.C. § 2255(a).  The movant bears the burden of proof to establish his claim by a preponderance of the evidence.  *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958).

Rule 4(b) of the Rules Governing Section 2255 Proceedings directs district courts to promptly examine motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims raised.  After examining the record in this matter, the court concludes that the arguments presented by Pitts can be resolved without an evidentiary hearing and without requiring a response from the government, based on the record and governing case law.  *See Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970).

**B.  Pitts Is Not Entitled to Relief Under *Davis*.**

In *Davis*, the United States Supreme Court concluded that § 924(c)'s so-called "residual clause," a portion of the definition of a "crime of violence," is unconstitutionally vague.  Pitts contends that the offenses upon which Counts 3 and 6 were predicated fail to qualify categorically as crimes of violence under § 924(c)'s force clause, and, therefore, his § 924(c) convictions must be vacated.  A person violates § 924(c) if he, "during and relation to any crime of violence or drug trafficking crime . . . for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm . . . ."  18 U.S.C. § 924(c)(1)(A).  A "drug trafficking crime" means "any felony punishable under the Controlled

3

Substances Act (21 U.S.C. §§ 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. §§ 951 et seq.), or chapter 705 of title 46." 18 U.S.C. § 924(c)(2). A "crime of violence" is a felony that: "(A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C. § 924(c)(3). Section 924(c)(3)(A) is known as the "force clause" or "elements clause" and § 924(c)(3)(B) is known as the residual clause. As noted, *Davis* held the residual clause unconstitutionally vague.

Pitts does not benefit from the holding in *Davis*, however, because the holding is factually inapplicable to Pitts' case. The offenses underlying both of Pitts' § 924(c) convictions were the drug trafficking crimes charged in Counts 1 and 5, and not crimes of violence. Both of those convictions—conspiracy to distribute and possession with intent to distribute—are felony violations of the Controlled Substances Act and therefore are "drug trafficking" offenses for purposes of § 924(c). *See, e.g., United States v. James*, 834 F.2d 92, 92–93 (4th Cir. 1987) ("§ 924(c) by its terms unambiguously applies to a crime of possession with intent to distribute.").

Pitts argues, though, that because his jury instructions included the definition of a crime of violence, his convictions could have been premised on an underlying crime of violence based on the unconstitutional residual clause. Pitts' reliance on the jury instructions is misplaced. Based on the excerpt he has provided, the jury instructions were over-inclusive in that they included the definition of a crime of violence, which was not applicable to Count 3 or 6. But the same excerpt clearly shows that the jury was not instructed to find a "crime of violence" as an element of the § 924(c) offense. Instead, the jury was instructed that they could find Pitts guilty of Count 3 if they found the government proved the following two elements: (1) that Pitts committed the crime alleged in Count 1, the conspiracy count, either as a principal or as an aider or abettor; and (2) that Pitts

4

knowingly used or carried a firearm during and in relation to the crime alleged in Count 1. (Dkt. No. 209 at 6–7.) Moreover, throughout the instruction concerning Count 3, the court utilizes repeated language that makes clear the alleged underlying offense was a drug offense, and not a crime of violence. (*Id.* (using term "drug trafficking crime" repeatedly, as well as "drug offense").) Indeed, in introducing and describing the offense, the court specifically referenced the alleged underlying crime being a "drug trafficking crime." (*Id.* at 6.) In short, although the jury was instructed on the definition of a "crime of violence," the instructions provided by Pitts show that the jury was not instructed to rely on or utilize that definition in determining Pitts' guilt on Count 3 or 6. *See Jones v. United States*, 527 U.S. 373, 391 (1999) ("Our decisions repeatedly have cautioned that instructions must be evaluated not in isolation but in the context of the entire charges."). Thus, the inclusion of unnecessary language does not render his § 924(c) convictions void, either before or after *Davis*.

Because Pitts' convictions in Counts 3 and 6 have not been undermined by *Davis,* his first claim fails.

**C. Pitts' "Double Jeopardy" Claim is Both Time-Barred and Meritless.**

Pitts does not present any reason why his second claim, which is not dependent on *Davis*, should be deemed timely. It has now been more than two decades since Pitts' conviction became final, 28 U.S.C. § 2255(f)(1), and none of the other subdivisions of § 2255(f) are applicable here.[4] Nor does he argue for equitable tolling. Moreover, the fact that his sentence was recently reduced

---

[4] A motion under 28 U.S.C. § 2255 must be made within one-year from the latest of:
(1) the date on which the judgment of conviction becomes final;
(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.
28 U.S.C. § 2255(f).

pursuant to the First Step Act does not have the effect of re-starting the limitations clock under § 2255(f)(1).  *See United States v. Sanders*, 247 F.3d 139, 143 (4th Cir. 2001) (explaining that a subsequent reduction in sentence, whether pursuant to Federal Rule of Criminal Procedure 35 or pursuant to 18 U.S.C. § 3582(c)(1)(B) as "otherwise expressly permitted by statute," does not affect the finality of a criminal judgment for purposes of § 2255(f)(1)); *cf. also United States v. Venable*, 943 F.3d 187, 194 n.11. ("A sentencing modification authorized under the First Step Act occurs under 18 U.S.C. § 3582(c)(1)(B).")

Even if it were not time-barred and were properly before the court, Pitts' second claim does not entitle him to relief.  The Fourth Circuit has squarely held that a defendant may be convicted and sentenced for separate § 924(c) charges, even when they all relate to a single underlying predicate offense, such as a drug conspiracy, so long as there were distinct violations of § 924(c).  *United States v. Camps*, 32 F.3d 102, 109 (4th Cir. 1994) (holding that so long as they are not simultaneous, each separate use or carry of a weapon in relation to a drug trafficking crime, or possession in furtherance of such a crime, supported a separate § 924(c)(1) charge, even where there was only a single underlying drug conspiracy); *see also United States v. Lighty*, 616 F.3d 321, 370–71 (4th Cir. 2010) (describing *Camps* as holding that multiple consecutive sentences could be imposed under § 924(c)(1) even if those convictions arose out of the events of a single predicate offense, such as a single drug conspiracy).  In *Camps*, the court noted that each of the acts for which the defendant had received a separate sentence was consummated before the next one was initiated.  32 F.3d at 109 n.9.  That was sufficient to allow multiple § 924(c) convictions and sentences.

Here, not only was Pitts convicted of both conspiracy and a separate distribution count, but the evidence at trial included testimony from three of his co-conspirators that "they had seen Pitts with crack cocaine," "he was dealing drugs in Lynchburg," and "Pitts carried a gun."  *United States v. Pitts*, 72 F.3d 128, 1995 WL 749431, at *1 (4th Cir. Dec. 19, 1995) (unpublished table decision).

In affirming his convictions, the Fourth Circuit noted the "ample evidence" against Pitts and found that "the jury's findings of guilt are well supported." *Id.* at *2. Thus, it is clear that Pitts carried or used a firearm both on April 12, 1997, the date of his arrest, and on other dates. He does not argue to the contrary in his motion. Pursuant to *Camps*, then, multiple convictions are entirely proper, even if both arose only from the drug conspiracy (as opposed to the separate distribution count).

For all of these reasons, Pitts' claim that his two § 924(c) convictions and sentences constitute double jeopardy is without merit.[5]

### III.  CONCLUSION

For the reasons stated in this opinion, the court will deny Pitts' 28 U.S.C. § 2255 motion. Further, finding that Pitts has failed to make a substantial showing of the denial of a constitutional right as required by 28 U.S.C. § 2253(c), a certificate of appealability will be denied.

An appropriate order will be entered.

Entered: July 10, 2020.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge

---

[5] Pitts cites to a pre-*Camps* district court case for support, *United States v. Casey*, 776 F. Supp. 272 (E.D. Va. 1991), which is no longer good law after *Camps*. Indeed, the *Camps* court expressly rejected the reasoning and rationale of *Casey*. *Camps*, 32 F.3d at 109 n.8.